DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from the Huron Municipal Court's February 2, 2000 judgment entry granting judgment in favor of appellee, Kenneth E. Bogden.
This case involves the sale of a computer board known as the OrangePC and distributed by appellant. Installation of the board would enable the user to operate IBM compatible programs from a Macintosh computer.
Appellee's complaint, filed December 11, 1997, alleged that after discovering that the computer board was defective he notified appellant who refused to either repair the board or accept its return. Appellant asserted in its answer that the merchandise was fit for its intended purpose and, in any event, appellee failed to return the board within the thirty day money back guarantee. The following facts were adduced at the January 21, 2000 trial to the court.
Appellee testified that on or about May 7 and May 21, 1997, he contacted appellant and explained that he wished to be able to run the Quicken computer program as well as another program on his Power Mac computer. Appellant then provided him with a written price quote which included a $12 charge for Federal Express two-day shipping. On May 30, 1997, appellee ordered the computer board and testified that he received it approximately two weeks later despite the fact the invoice provides, under the "SHIP VIA" box, "FED EX 2 D." Appellee testified that he believed the delivery date was June 15.
Appellee then testified that in mid-July he hired a computer company to install the board. Once the board was installed he attempted to run the Quicken program and an investment program and that neither program would operate. After contacting appellant to remedy the problem appellee, at some point in August 1997, began efforts to return the board.
On September 15, 1997, appellee shipped the board to appellant and it was refused. Appellee then discovered that he needed a return authorization number which, after additional correspondence, appellee discovered that he would not receive because the thirty-day refund period had passed.
During cross-examination, appellee admitted that he did not receive a return authorization number within the thirty-day refund period. Appellee also admitted that he was not familiar with the technical requirements of his computer or the amount of free disc space he had at the time the board was installed.
Leif Ericsson, the individual who installed the board, next testified that appellee contacted him to install the board in mid-July. Upon its installation, the Windows '95 IBM program was running. Ericsson then attempted to operate the Quicken and investment programs and neither would operate. On July 14, 1997, Ericsson contacted appellant concerning these problems and followed the instructions given. The programs still failed to operate.
At the close of Ericsson's testimony appellant moved for a directed verdict. The motion was denied and the case was taken under advisement. On February 2, 2000, the trial court granted judgment in favor of appellee in the amount of $1,757.70 plus interest for the cost of the board and the installation charges.
Appellant then filed a timely notice of appeal and raises the following assignment of error:
 "The Court's finding of fact and conclusions of law are against the manifest weight of the evidence."
Specifically, appellant argues that the judgment was against the manifest weight of the evidence because no competent testimony exists as to when the board was delivered and that, in fact, once the board was installed it was able to run Windows '95, an IBM program. Appellant further contends that the testimony supports its argument that the board was not returned within thirty days.
In its February 2, 2000 judgment entry, the trial court made the following findings of fact:
 "1.) The plaintiff testified that he had contracted to purchase computer equipment on May 30, 1997 from Orange Micro, Inc., and that he received the computer equipment around June 15, 1997.
 "2.) Plaintiff testified that he hired Leif Ericsson of Viking Tech to install the computer equipment on July 14, 1997 and he could not get it to work.
 "3.) Plaintiff further testified that installer phoned Orange Micro, Inc. on July 14, 1997 to tell them that the board would not run the program.
 "4.) Plaintiff further testified that numerous letters and calls were made to return the computer equipment beginning July 14, 1997 with Orange Micro, Inc. denying any refund.
 "5.) Leif Ericsson, installer, testified that he had been employed by Plaintiff to install the board on July 14, 1997 with no success.
 "6.) Ericsson further testified that he called Orange Micro, Inc. on July 14, 1997 explaining that he followed the procedures for installation and could not get the programs to run."
The trial court then made the following conclusion of law:
 "[T]he court finds that as early as July 14, 1997 Defendant was put on notice by Plaintiff that the computer equipment as purchased was not fit for the intended use. Further, based upon the testimony of Plaintiff and witness, Leif Ericsson, the court finds that said notice of defective equipment was timely as to the return of Plaintiff's refund from Orange Micro, Inc."
We first note the proposition that we must defer to the trial court as the finder of fact. The trial court was in the best position to view the witnesses, observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80. Accordingly, a reviewing court should not substitute its judgment for that of the trial court. Id. The decision of the trier of fact, be it the judge or jury, will not be reversed as being against the manifest weight of the evidence as long as it is supported by some competent, credible evidence going to each of the essential elements of the case. C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, syllabus; Vogel v. Wells
(1991), 57 Ohio St.3d 91, 96.
Keeping the above standard in mind, we find that there was competent, credible evidence from which the trial court could reasonably infer that appellee received the computer board on June 15, 1997, and that the board would not run the programs for which appellee had intended its use. We further find that the trial court reasonably inferred that appellee, through its July 14, 1997 telephone call to appellant, timely notified appellant of its intent to return the equipment. Accordingly, we find that the trial court's judgment is not against the manifest weight of the evidence, and that appellant's assignment of error is not well-taken.
On consideration whereof, we find that substantial justice was done the party complaining, and the judgment of the Huron Municipal Court is affirmed. Court costs of this appeal are to be paid by appellant.
Peter M. Handwork, J., Melvin L. Resnick, J. Mark L. Pietrykowski,J., JUDGES CONCUR.
 ____________________________ PIETRYKOWSKI, J.